No. 649
FRUIT DISPATCH CO. v. PAYNE
Ohio Appeals, 2nd District, Franklin County
No. 1035. Decided June 14, 1923

This opinion has not been published except in Abstract.

107. CONTRACTS.

Where goods are shipped under written contract of shipment, the public schedule of trains (311) is not a guarantee of delivery within the time prescribed in the schedule.

BY THE COURT:

Epitomized Opinion

Dispatch Co. sued R. R. for negligence in transporting bananas which were shipped under a written contract. Dispatch Co. relied upon the public schedule of trains as a guarantee of delivery within the time prescribed in the schedule. Judgment was rendered for defendant in Franklin Common Pleas. In affirming the judgment the Court of Appeals held:

1. There was evidence tending to prove that bananas were improperly loaded under excessive and high temperature and that there was negligence on the part of Dispatch Co.'s agent which contributed to the injury to the bananas.

2. Taking the written contract of shipment as a whole the public schedule of the trains was not a guarantee of itself of delivery within the time prescribed in the schedule.

Attorneys—Watson, Davis, Joseph & McLeskey, for Dispatch Co.; Booth, Keating, Pomerene & Boulger, for Payne.

(Note: Opinion fails to state terms of contract or alleged negligence of R. R. other than given above.)

---

No. 650
CAMP ROOSEVELT CO. v. CLEVELAND
TRUST CO
Ohio Appeals, 8th District, Cuyahoga County
No. 4419. Decided May 28, 1923

This opinion has not been published except in Abstract.

165. TRUSTS.

Duty of trustee to cesti que trust.

VICKERY, J.:

Epitomized Opinion

Appeal from Cuyahoga Common Pleas. Camp Roosevelt was an organization that had bought under contract ten acres of land near Perry, Ohio. The company paid $1,500 down and contracted to pay $1,000 a year until $5,000 more was paid. It was apparent before one of the payments was due that the Company would be unable to raise the money and therefore Russell, Geib and Blatz, officers and directors of the Company, paid off the entire balance owed for the property and had title taken in the name of the Trust Co. as trustees. Evidence disclosed that the interests of the Company were not to be jeopardized, that they purchased it for the Company and the property was to be deeded to it when the money was paid. The Company had put in $1,500 and had improved the property by making it fit for a boys' summer camp.

Shortly after the money was due from the Company, Russell et al notified the manager of the Camp Co. that unless the entire purchase price was paid at once and also the stock of Russell et al, purchased immediately, they would claim the land themselves. The Company was not able to comply with this demand and Russell et al forcibly put the Company off the property, took it for themselves and rented it to a former manager of the Company. The land had increased in value from $5,000 to $20,000. This action was brought to have a trust declared in favor of the Camp Company and for an accounting.

The Court of Common Pleas ordered a deed to the Camp Company upon the payment to Russell et al of the amount found due them, and the latter were ordered to turn over the property when paid. This they refused to do. The Court of Appeals in affirming the judgment held:

1. It would be rather difficult in the annals of the history of law to find a case where there would be a parallel case, where the trustees more flagrantly violated their trust and sought to c'aim the property for themselves to the entire loss to cestui que trust. These men were officers and directors of the Company. If ever a case called for the intervention of a court of equity to declare a trust, this is a typical case, and the accounting of the lower court will also be sustained.

Attorneys—Howell, Roberts & Duncan, for Camp Roosevelt Co.; Tolles, Hogsett, Ginn & Morley, for Cleveland Trust Co.